**In re HOLOCAUST VICTIM ASSETS LITIGATION.**

This Document Relates to: All Cases.

Nos. CV–96–4849 (ERK)(MDG), CV–99–5161, CV–97–461.

United States District Court, E.D. New York.

Sept. 13, 2004.

Burt Neuborne, New York University Law School, Richard Appleby, New York City, Michael D. Hausfeld, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Nicholas E. Chimicles, Chimicles & Tikellis, LLP, Haverford, PA, Robert A. Swift, Kohn, Swift & Graf, P.C., Philadelphia, PA, for Plaintiffs.

Jean M. Geoppinger, Waite, Schneider, Bayless & Chesley Co., L.P.A., Cincinnati, OH, Intervenor Plaintiff.

Anthony L. Paccione, Katten, Muchin, Zavis, Rosenman, New York City, for Defendants.

### MEMORANDUM

KORMAN, Chief Judge.

Several appeals from decisions I have issued in this case are currently pending before the Second Circuit, and Professor Burt Neuborne has filed briefs defending the positions I have taken. When Professor Neuborne sought to file his briefs, however, he was asked by the Clerk of the Court for the Second Circuit what standing he had to file briefs and whom he

represents in the appeals. The Clerk of the Court was under the impression that Professor Neuborne did not represent anyone. I file this memorandum to clarify the role that Professor Burt Neuborne plays in this lawsuit and in the current appeals.

As an initial matter, I agree that Professor Neuborne does not represent any party in the context of the current appeals. By submitting briefs, Professor Neuborne is simply providing an adversarial defense of my position for the benefit of the Second Circuit. In this sense, his current role is analogous to that of a lawyer who might be appointed to defend a judge's decision after a writ of mandamus. In the typical case where a writ of mandamus is sought, the party to the case that benefitted from the underlying ruling will defend the judge's position on appeal. At times, however, there is no such party. For example, in a case where I decided to transfer a wiretap application to a magistrate judge for authorization, the United States Attorney sought a writ of mandamus, arguing that a magistrate judge would lack the power to order a warrant. *See In re United States,* 10 F.3d 931 (2d Cir.1993). Because of the ex parte nature of the wiretap application, there was no opposing party. Indeed, if the subject of the wiretap had been a party, he may have taken the same position as the United States Attorney. Thus, I received permission to retain counsel to be paid by the Administrative Office of United States Courts to provide an adversarial defense of my position in the Second Circuit. A similar situation arose recently for Judge Kram in the Southern District of New York, who had a party seek a writ of mandamus after she made certain rulings in the Austrian bank litigation—she appointed David Boies to defend her position on appeal. *See In re Austrian, German Holocaust Litigation,* 250 F.3d 156 (2d Cir.2001). While the current appellants do not seek a writ of mandamus, the same need for an adversarial defense of my position in the Second Circuit exists. Currently, Professor Neuborne is simply performing that service. Although his role in the appeals is thus limited, I do not wish to diminish the other roles that Professor Neuborne has played in this lawsuit.

Professor Neuborne played a vital role in achieving the historic settlement in this case. As I have already written:

> Professor Neuborne was a founding member of the Plaintiff's Executive Committee where he was the glue that held it together, and he was intimately involved in every significant aspect of the case. After the preliminary approval of the proposed settlement and the provisional certification of the class, he was designated lead plaintiffs' counsel.

*In re Holocaust Victim Assets Litigation,* 270 F.Supp.2d 313, 316 (E.D.N.Y.2002).

Professor Neuborne has also played a vital role since the settlement. He has continued to represent the plaintiff class in post-settlement litigation involving the bank defendants. *See In re Holocaust Victim Assets Litigation,* 282 F.3d 103 (2d Cir.2002) (where Professor Neuborne represented plaintiffs in dispute over definition of the Slave Labor II class); *In re Holocaust Victim Assets Litigation,* 256 F.Supp.2d 150 (E.D.N.Y.2003) (where Professor Neuborne represented plaintiffs before Judge Block arguing that the defendants had to pay compound interest on settlement funds placed in escrow). He has continued to represent the plaintiffs in negotiations with the banks regarding increased access to bank records. *See In re Holocaust Victim Assets Litigation,* No. 04–CV–1786 (E.D.N.Y.2004). And he has represented the plaintiffs against the attempt of non-party intervenors to diminish the stake of the plaintiff class. *See In re*

*Holocaust Victim Assets Litigation,* 225 F.3d 191 (2d Cir.2000) (where Professor Neuborne represented plaintiffs in dispute over whether the definition of Victims of Nazi Persecution had to be extended to include ethnic Poles). Professor Neuborne's efforts in these matters have resulted in tangible and substantial benefits to the class of plaintiffs as a whole.

On other issues, Professor Neuborne acts as something of a general counsel to the administration of the settlement fund. He provides an invaluable administrative service of helping people gain access to me and to the Special Master. He also provides advice as amicus curiae. Professor Neuborne has submitted many insightful declarations and, because of his long involvement in this case, his opinion is one that I respect. In this capacity, however, Professor Neuborne's recommendations have never been binding on me. In fact, in the context of the various appeals now pending before the Second Circuit, on more than one issue I decided to exercise my discretion in a manner different from that suggested by Professor Neuborne.

In sum, because this case resulted in a settlement fund that now needs to be administered, I have a fiduciary duty to the plaintiffs to ensure that any resulting distribution is fair and that any award of counsel fees is justified. *See Reynolds v. Beneficial Nat. Bank,* 288 F.3d 277, 279–80 (7th Cir.2002); *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1078 (2d Cir.1995). Various organizations and individuals who have been dissatisfied with my decisions are represented by their own counsel on their appeals. Professor Neuborne is providing an adversarial defense of my rulings where the principal beneficiaries of them do not have the resources to appear, as in the appeal involving Holocaust Survivors Foundation–USA, or where the detriment to any particular class member may not be of sufficient magnitude to warrant the cost of appearing, as in the remaining appeals.